IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BERT DUVALL, IV,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>M. GUNTER; C. ANDERSON; C. PETTIT; E. RUELAS; J. GREENE; K. ROBERTSON; S. BERGSTROM; S. MACKELPRANG; BEN PETERSON; L. AFATASI; JUDGE ANN MARIE MCIFF ALLEN; JUDGE JON D. DUNLAP; JUDGE MEB ANDERSON; KATCH KEY; IRON COUNTY SHERIFF'S DEPARTMENT; CEDAR CITY POLICE DEPARTMENT; UTAH HIGHWAY PATROL; SAMUAL WOODAL; IRON COUNTY; CEDAR CITY,<br><br>　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:25-cv-00083-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff filed his Complaint on July 8, 2025.[1] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve Defendants with the Summons and Complaint within ninety (90) days after the Complaint was filed. After Plaintiff failed to serve Defendants, the Court issued an Order to Show Cause,[2] directing Plaintiff to show cause as to why this action should not be dismissed for failure to timely serve Defendants. Plaintiff has not responded to the Order to Show Cause. Plaintiff was warned that failure to respond to the Order to Show Cause may result in dismissal of his claims without further notice.

---

[1] Docket No. 1.

[2] Docket No. 10.

1

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, the Court has provided notice that Plaintiff's claim would be dismissed for failure to timely serve Defendants. However, there is no proof Defendants have been served. As such, dismissal is recommended under Rule 4(m).

Additionally, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[3] Here, Plaintiff has failed to prosecute by failing to effectuate service. And, by failing to respond to the Order to Show Cause as directed, he has failed to comply with a court order. As such, dismissal is also recommended under Rule 41(b).

For these reasons, the undersigned recommends that this action be dismissed without prejudice.[4]

---

[3] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[4] Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). But a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). It does not appear that the statute of limitations on Plaintiff's claims has expired. Therefore, the Court need not consider the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), to determine if dismissal with prejudice is justified.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22nd day of October, 2025.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge